UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BUC-EE'S, LTD. | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. |
| B & B GROCERY, INC. AND ANICA B. JORAN, INDIVIDUALLY AND AS MEMBER OF AUSTIN LOGO DESIGNS, LLC. | § § § § § | _____ |
| Defendants. | § § § | JURY REQUESTED |

## PLAINTIFF'S ORIGINAL COMPLAINT AND APPLICATION FOR PRELIMINARY AND PERMANENT INJUNCTION

Plaintiff, Buc-ee's, Ltd. ("Buc-ee's") files this Original Complaint and Application for Preliminary and Permanent Injunction against Defendant B & B Grocery (d/b/a Frio Beaver), Jimmy D Wilson in both his individual capacity and as the Director for B & B Grocery and Anica B. Joran in both her individual capacity and as Member for Austin Logo Designs, LLC, hereinafter referred to as "Defendants".

### I.
### NATURE OF ACTION

1. This is a civil action to (i) temporarily and permanently enjoin acts of the following: trade mark infringement under 15 U.S.C. § 1125(a), statutory trademark infringement under 15 U.S.C. § 1114, violations of the Texas Anti-Dilution Statute, Texas Business and Commerce Code § 16.29, common law trademark infringement, unjust enrichment, unfair competition and misappropriation; and (ii) recover damages, profits, treble damages or profits, attorneys' fees, and costs.

2. This case involves Defendants advertising, promoting, and operating a store in

Uvalde County, TX being referred to and using the name " Frio Beaver" that attempt to copy and infringe upon the trademarked logo of Plaintiff's convenience stores. Defendants' actions are creating, and will continue to cause, confusion in the marketplace because their logo infringes on the federally registered trademarks of Buc-ee's. Defendants' conduct is unlawful and Plaintiff seeks the full range of remedies provided by law.

3.    Defendant Anica B. Joran in both her individual capacity and as Member for Austin Logo Designs, LLC, promotes and operates a website which includes the logo and infringes upon the trademarked logo of Plaintiff's convenience stores. Defendants' actions are creating, and will continue to cause, confusion in the marketplace because their logo infringes on the federally registered trademarks of Buc-ee's. Defendants' conduct is unlawful and Plaintiff seeks the full range of remedies provided by law.

4.    Defendants have infringed and diluted Plaintiff's trademark developed and used by Plaintiff in connection with the operation of its convenience stores. Defendants have also attempted to unfairly compete by the intentional and unauthorized use of Plaintiff's trademark and usurped the trademarks that make Buc-ee's stores immediately identifiable and unique.

## II.
## JURISDICTION AND VENUE

5. This Court possesses subject matter jurisdiction over this action pursuant to the Lanham Act, 15 U.S.C. § 1051 et seq., and 28 U.S.C. §§ 1331, 1338(a). The Court also possesses supplemental jurisdiction over Plaintiff's state law claim under 28 U.S.C. §§ 1338 and 1367.

6. The Court possesses personal jurisdiction over the parties, and venue is proper in this District pursuant to 28 U.S.C. § 1391(b) and (c) because a substantial part of the events or omissions giving rise to the claim occurred in this District.

## III.
## PARTIES

7. Plaintiff Buc-ee's, Ltd. ("Buc-ee's") is a Texas limited partnership with its principal place of business at 327 FM 2004, Lake Jackson, Texas 77566.

8. Defendant B & B Grocery is a Texas corporation with its principal place of business in Uvalde County, Texas. Defendant B & B Grocery, Inc. may be served through its registered agent Jimmy Wilson at PO Box 124, 4573 Rr 1120, Leakey, Texas 78873.

9. Defendant Austin Logo Designs, LLC is a Texas Limited Partnership with its principal place of business in Travis County, Texas. Defendant Austin Logo Designs, LLC., may be served through its registered agent Anica B. Joran at 1104 Weatherford, Austin, TX 78753.

## IV.
## FACTUAL BACKGROUND

10. Buc-ee's is a creative and innovative company, founded on integrity and service. Since its inception, Buc-ee's has prided itself in providing premium goods and services to its customers, standing by its motto of "Clean, Friendly, and In Stock."$^{SM}$ Over the last three decades, Buc-ee's has offered quality convenience store services, food, drinks, and merchandise to the

public under the Buc-ee's beaver logo and other marks invoking a beaver image or the word BEAVER. Buc-ee's started as a single convenience store in Lake Jackson, Brazoria County, Texas, and has grown to twenty-eight stores operating across Texas. Through Buc-ee's innovation, investment, marketing, and hard work over many years, the Buc-ee's federally registered trademarks, including Buc-ee's iconic beaver logo, have become recognizable in Texas and across many other states. The original Buc-ee's trademarks have been in continuous service for over 30 years, since July 1, 1982.

### A. The Beaver Logo

11. On May 29, 2007, and August 2, 2011, Buc-ee's registered the Buc-ee's beaver logo with the United States Patent and Trademark Office ("USPTO") under Registration Numbers 3246893 and 4007064.

12. Buc-ee's uses its distinctive marks in connection with the marketing and sale of its goods and services, including convenience and retail store services, and, among other items, beverages, apparel, mugs, general merchandise, novelties, stuffed characters, and food products. The beaver logo consists of a smiling buck-toothed beaver with a red heart-shaped tongue on a yellow circle wearing a red hat pointing to the right (hereinafter the "Beaver Logo"). The Beaver Logo is used as follows:



13. Buc-ee's has also copyrighted additional logos and a children's coloring book which includes the following:



B.  **The Beaver Marks**

14. Buc-ee's also uses the marks "BEAVER BELIEVER," "IT'S A BEAVER," and "POWER TO THE BEAVER" in connection with its convenience store merchandise.

15. This family of marks incorporating the word "beaver" and the Beaver Logo shall hereafter be referred to as "Buc-ee's Marks".

16. Buc-ee's uses the Buc-ee's Marks in the promotion of its business, to create an association between Buc-ee's Marks and Buc-ee's goods and services, and all of the trademarks are of significant value to Buc-ee's. The Buc-ee's Marks were designed to provide customers with a unique, light-hearted invocation of Buc-ee's beaver mascot, that is distinctive to Buc-ee's, and which differentiates Buc-ee's goods from other merchandisers.

17. The beaver-invoking elements of the Buc-ee's Marks combine to yield a distinctive concept that suggests wholesomeness and playfulness in a manner that distinguishes the Buc-ee's stores and Buc-ee's goods from those of others.

18. Buc-ee's has expended considerable effort and money advertising and promoting its unique products and services through its distinctive Buc-ee's Marks.

19. As a result of such efforts, the products and services of Buc-ee's offered under the Buc-ee's Marks have become favorably accepted by the consuming public, and the Buc-ee's Marks are recognized as a designation of the quality convenience store services and products offered by Buc-ee's.

20. Buc-ee's has, through such efforts, developed enormous goodwill in the Buc-ee's Marks. The Buc-ee's Marks, and the goodwill associated with the Buc-ee's Marks, are valuable property rights of Buc-ee's.

21. On March 23, 2010, and August 2, 2011, Buc-ee's registered BUC-EE'S with the United States Patent and Trademark Office under Registration Numbers 3763277 and 4007063.

On May 29, 2007, and August 2, 2011, Buc-ee's registered the Buc-ee's beaver logo with the United States Patent and Trademark Office under Registration Numbers 3246893 and 4007064.

22. Buc-ee's uses its distinctive marks in connection with the marketing and sale of its goods and services, including among other items, retail gasoline, t-shirts, mugs, general merchandise, novelties, stuffed characters, and food products. The beaver logo consists of a smiling buck-toothed beaver with a red heart-shaped tongue on a yellow circle wearing a red hat pointing to the right (hereinafter the "Beaver Mark"). The Beaver Mark is as follows:

23. The artistic font used in BUC-EE'S is also distinct, with rounded and curved lettering (hereafter the "BUC-EE'S Mark"). The BUC-EE'S Mark is as follows:

# BUC-EE'S

24. Buc-ee's also uses other combinations of the Beaver Mark and BUC-EE'S Mark in the promotion of its business, and all of the trademarks are of significant value to Buc-ee's (hereinafter the Beaver Mark and BUC-EE'S Mark shall be referred to collectively as the "BUC-EE'S Marks"). When used in combination, the BUC-EE'S Marks appear as follows:



### C. Defendants' Unlawful Actions

25. On information and belief, Defendant B & B Grocery currently operates store a store in Uvalde County, TX. The convenience store erected a logo of a Beaver which infringes on Buc-ee's Marks.

26. Buc-ee's learned of the store by driving past the store and observing signage and t-shirts. The sole owner and director of B & B Grocery is Defendant Jimmy D Wilson. This same defendant, as the sole director of B & B Grocery, has personally and substantially directed and controlled B & B Grocery, including directing and controlling the design of the infringing Frio Beaver mark as well as the promotion and marketing of goods and services that utilized the Frio Beaver mark ("Infringing Logo").

27. At all relevant times, Defendant Wilson, in his corporate and personal capacities, directed, controlled, and participated in the infringing activities alleged herein. In particular, Defendant Wilson and Austin Logo Designs, LLC has (i) designed, promoted, and marketed the Infringing Logo and/or helped others to design, promote, package, label and market the Infringing Logo; (ii) supervised others in their design, promotion, packaging, labeling and marketing of the Infringing Logo; and (iii) controlled the actions and policies of Defendant B & B Grocery and its employees.

28. On information and belief, Defendants intended their image to be a copy of, or at the very least suggestive of, the Beaver Logo. Below is a copy of the Infringing Logo compared to the Beaver Logo:

 



29. Defendants' anthropomorphic and cartoon representation of the Beaver as shown above in connection with its Uvalde County convenience store copies the most important aspects of the iconic BUC-EE'S Marks. Specifically, besides Defendants' improper use of friendly smiling cartoon characters, Defendants have copied the BUC-EE'S Marks with: (i) the use of a black outline encompassing the logo (compare to the black around the beaver), (2) use of a yellow background (compare to the yellow surrounding the beaver), and (3) use of the red-colored short of the Beaver (compare to the red hat on the beaver).

30. Defendants' blatant copying of the Beaver Logo shows that Defendants' actions are willful, knowing, and committed with the intent of benefiting from the goodwill and concept of Buc-ee's Marks and will cause Defendants' goods and services offered by Defendants to likely be confused or mistaken for those of Buc-ee's. From a distance it is difficult to discern the logo from the logo of Buc-ee's. Defendants' actions are willful and knowingly as the signage at the Uvalde County store location. In fact Defendants' have further intentional and knowing incorporated the use of black outlining and shortened the name on the logo to confuse the consuming public and infringe even further upon Plaintiffs' trademarked logo. The signage is as follows:



31. Defendants' intentional and unauthorized actions further constitute infringement and dilution of Buc-ee's Marks and an attempt to unfairly compete in violation of Federal and State law, and constitute statutory and common law trademark infringement and dilution and unfair competition.

32. On information and belief, Defendants also plan to utilize a trade dress purposely similar to and reminiscent of the Buc-ee's Trade Dress, which will be confusingly similar to or likely to cause confusion with the Buc-ee's Trade Dress. Moreover, the convenience store Defendants plan to open is within close proximity of a Buc-ee's store located in Brazoria County and will show the same client base.

33. Defendants' intentional and unauthorized actions further constitute infringement and dilution of the BUC-EE'S Marks and an attempt to unfairly compete in violation of Federal and State law, and constitute statutory and common law trademark infringement and dilution and unfair competition.

34. Defendant Austin Logo Designs maintains a website which includes the Beaver logo at issue and is as follows:



Frio River Grocery
Logo Design

D. **Injury to Buc-ee's**

35. Defendants' unauthorized use of a trademark confusingly similar to Buc-ee's Marks will allow Defendants to receive the benefit of the goodwill built up at the great labor and expense by Buc-ee's in Buc-ee's Marks, and further will allow Defendants to gain acceptance for their convenience store and associated products based not on their own merits, but on an association with the reputation and goodwill of Buc-ee's.

36. Defendants' unauthorized use of trademarks confusingly similar to Buc-ee's Marks constitutes an invasion of Buc-ee's valuable property rights in a manner that unjustly enriches Defendants.

37. Defendants' use of trademarks confusingly similar to Buc-ee's Marks falsely indicates to the purchasing public that the Defendants and/or their convenience store services and products are in some manner connected with, sponsored by, affiliated with, or related to Buc-ee's and/or its convenience store services and products.

38. Use by Defendants of trademarks confusingly similar to Buc-ee's Marks places the valuable reputation and goodwill of Buc-ee's in the hands of the Defendants, over whom Buc-ee's has no control.

39. The above-mentioned activities of Defendants are likely to cause confusion, or to cause mistake, or to deceive customers or potential customers wishing to purchase services or products sponsored by, associated with, or affiliated with Buc-ee's.

40. This action is being brought to prevent any further infringement and dilution of Buc-ee's intellectual property rights under federal and Texas law and to compensate Buc-ee's for the harm caused by Defendants' willful actions.

41. The above-mentioned activities of Defendants are likely to cause confusion, or to cause mistake, or to deceive customers or potential customers wishing to purchase services or

products sponsored by, associated with, or affiliated with Buc-ee's.

42. This action is being brought to prevent any further infringement and dilution of Buc-ee's intellectual property rights under federal and Texas law and to compensate Buc-ee's for the harm caused by Defendants' willful actions.

## V.
## COUNT I -- FEDERAL TRADEMARK INFRINGEMENT UNDER 15 U.S.C. SECTION 1125(A)

43. Buc-ee's incorporates the allegations set forth in Sections I through IV, *supra*.

44. The acts of Defendants complained of above constitute a false designation of origin and false representation in commerce in violation of 15 U.S.C. § 1125(a). Defendants' use of trademarks confusingly similar to Buc-ee's Marks falsely represents that Defendants are licensed or sponsored by Buc-ee's, or that Defendants are in some manner affiliated with Buc-ee's.

45. Defendants' infringing conduct has been willful, making this an exceptional case under 15 U.S.C. § 1117.

46. Defendants have infringed and continue to infringe the Buc-ee's Marks, which are federally registered. Defendants' actions are in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114. Because of Defendants' infringement, Buc-ee's has been injured and damaged, and is entitled to recover damages, profits, and costs pursuant to 15 U.S.C. § 1117.

47. Defendants are using Buc-ee's Marks with full knowledge of Buc-ee's rights, and in bad faith and willful and deliberate intent to trade on Buc-ee's substantial recognition, reputation, and goodwill. In view of the willful nature of Defendants' infringement and unfair competition, this is an exceptional case within the meaning of 15 U.S.C. § 1117(a).

## VI.
## COUNT II - FALSE DESIGNATION OF ORIGIN UNDER 15 U.S.C. SECTION 1125(A)

48. Buc-ee's incorporates the allegations set forth in Sections I through V, *supra*.

49. Defendants, in connection with goods or services or any container for goods, used in commerce words, terms, names, symbols, devices, or any combination thereof a false designation of origin, false or misleading description of fact, or false or misleading representation of fact which is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection or association of Buc-ee's with Defendants, or as to the origin, sponsorship, or approval of Defendants' use of Buc-ee's Marks, in violation of 15 U.S.C. § 1125(a).

50. Defendants' unauthorized use of Buc-ee's Marks has had, and unless restrained, will continue to have the consequent result of saturating and overwhelming the market, thereby causing Buc-ee's to lose the value of its trade dress, cause damage to Buc-ee's integrity, and cause Buc-ee's to lose control over its goodwill and reputation.

## VII.
## COUNT III -- COMMON LAW INFRINGEMENT

51. Buc-ee's incorporates the allegations set forth in Sections I through VI, *supra*.

52. The acts of Defendants complained of above constitute common law trademark infringement under state common law.

## VIII.
## COUNT IV – COMMON LAW UNFAIR COMPETITION

53. Buc-ee's incorporates the allegations set forth in Sections I through VII, *supra*.

54. The acts of Defendants complained of above constitute common law unfair competition under state common law.

## IX.
## COUNT V – FEDERAL AND STATE UNFAIR COMPETITION AND STATE DILUTION

55. Buc-ee's incorporates the allegations set forth in Sections I through VIII, *supra*.

56. Buc-ee's asserts causes of action for unfair competition pursuant to 15 U.S.C. § 1125(a) (Section 43(a) of the Lanham Act) as well as pursuant to Texas common law. Additionally, Buc-ee's asserts a cause of action for dilution pursuant to Texas Business & Commerce Code § 16.29.

57. Defendants' acts complained of above are likely to injure Buc-ee's business reputation or to dilute the distinctive quality of Buc-ee's Marks.

58. Defendants' unauthorized activities are likely to weaken or otherwise jeopardize Plaintiff's highly valuable rights. Pursuant to Federal Law and Texas Business & Commerce Code § 16.29, Buc-ee's is entitled to bring this action to enjoin Defendants from injuring Buc-ee's business reputation or diluting the distinctive quality of Buc-ee's Marks.

59. Buc-ee's will be irreparably injured unless such action is enjoined by this Court as provided by Texas law.

60. Defendants' dilution has been willful, making this case eligible for an award of exemplary damages under Texas law.

## X.
## COUNT VI - MISAPPROPRIATION

61. Buc-ee's incorporates the allegations set forth in Sections I through IX, *supra*.

62. The acts of Defendants complained of above constitute misappropriation in violation of the laws of the State of Texas.

## XI.
## APPLICATION FOR PRELIMINARY AND PERMANENT INJUNCTION

63. Buc-ee's incorporates the allegations set forth in Sections I through X, *supra*.

64. There is a substantial likelihood that Buc-ee's will prevail on its claims against Defendants, based on Defendants' unlawful use of Buc-ee's Marks in connection with the promotion and sale of retail convenience store items through the use of the Infringing Logo.

65. Defendants' actions complained of above are jeopardizing, and, if allowed to proceed, will continue to jeopardize the goodwill of Buc-ee's in its valuable name, concept, and trademarks. Such acts have caused, are causing and will continue to cause, irreparable injury to Buc-ee's and the consuming public, and the threatened injury outweighs any hypothetical damage that the proposed injunction may cause Defendants. Finally, the public interest favors the issuance of an injunction in this case.

66. Unless the acts of Defendants complained of above are restrained by this Court, they will be continued and will continue to cause irreparable injury to Buc-ee's and to the public, for which there is no adequate remedy at law.

67. Buc-ee's seeks a preliminary injunction against Defendants, prohibiting them from any and all use of Buc-ee's Marks, and any other Buc-ee's marks, names and/or logos that are confusingly similar in name, typeface, font, color, or appearance to the Beaver Logo or any other Buc-ee's Marks, names and/or logos, or any derivation thereof directly or indirectly, for itself, or through, on behalf of, or in conjunction with the sale or offer of any convenience store items by Defendants until further order from this Court.

68. Buc-ee's is willing to post bond in an amount to be determined by the Court.

## JOINT AND SEVERAL LIABILITY AS TO INDIVIDUAL DEFENDANTS

69. Upon information and belief, in addition to their direct liability under the Lanham Act, the individual defendants are also jointly and severally liable for contributing to B & B Grocery's and Austin Logo Designs, LLC violations of the Lanham Act, as each individual defendant had actual notice of the false and misleading actions that B & B Grocery and Austin Logo Designs, LLC took in developing, implementing and marketing the convenience store and its logo that infringes the Buc-ee's Logo, and B & B Grocery and Austin Logo Designs, LLC attempts to pass off the convenience store and logo as being associated or affiliated with Buc-ee's. Despite this actual notice, each individual defendant encouraged, facilitated, caused, materially assisted, contributed to, and/or induced B & B Grocery and Austin Logo Designs, LLC, the other corporate defendants to violate the Lanham Act as described above.

70. Upon information and belief, each individual defendant is also vicariously liable for B & B Grocery's and Austin Logo Designs, LLC violations of the Lanham Act and as such is jointly and severally liable for all amounts which these Defendants may be found liable. Each individual defendant, as an owner and/or officer of the corporate defendant, had the right and ability to supervise and control the tortious acts complained of above, and had a financial interest in passing off the Infringing Logo as being falsely associated or affiliated with Buc-ee's, and to compete unfairly against Buc-ee's. In addition, upon information and belief, each individual was involved in the decision-making process to: (i) improperly copy Buc-ee's Logo and create a mark that leaves many to believe that it is associated or affiliated with Buc-ee's; (ii) infringe the Buc-ee's Logo; and (iii) compete unfairly with Buc-ee's, all in violation of the Lanham Act.

## XII.
## TRIAL BY JURY

71. Buc-ee's hereby requests a trial by jury.

## XIII.
## PRAYER

For the reasons stated above, Plaintiff prays that this Court:

(a) enter a temporary restraining order and a preliminary and permanent injunction prohibiting Defendants and their respective officers, directors, agents, servants, employees, attorneys, related companies, licensees, and all persons acting for, with, by, through, and under any of them, from any and all use of the Beaver Logo, and any other Buc-ee's marks, names and/or logos, or any derivation thereof directly or indirectly, for itself, or through, on behalf of, or in conjunction with the sale or offer of any convenience store products or services by Defendants;

(b) enter judgment in favor of Buc-ee's for actual and statutory damages in an amount to be determined by the Court, to that such damages be trebled to the extent the trier of fact determines that any of Defendants acts are found to be willful and in intentional disregard of Buc-ee's known rights;

(c) enter judgment in favor of Buc-ee's for Defendants' profits, pursuant to 15 U.S.C. § 1117;

(d) award Buc-ee's all costs of the action and reasonable attorneys' fees pursuant to the provisions of 15 U.S.C. § 1117; and

For the reasons stated above, Plaintiff prays that this Court:

(a) enter a temporary restraining order and a preliminary and permanent injunction prohibiting Defendants and their respective officers, directors, agents, servants, employees, attorneys, related companies, licensees, and all persons acting for, with, by, through, and under

any of them, from any and all use of the, the BUC-EE'S Marks, and any other Buc-ee's marks, names and/or logos, or any derivation thereof directly or indirectly, for itself, or through, on behalf of, or in conjunction with the sale or offer of any convenience store products or services by Defendants;

    (b)    enter judgment in favor of Buc-ee's for actual and statutory damages in an amount to be determined by the Court, to that such damages be trebled to the extent the trier of fact determines that any of Defendants acts are found to be willful and in intentional disregard of Buc-ee's known rights;

    (c)    enter judgment in favor of Buc-ee's for Defendants' profits, pursuant to 15 U.S.C. § 1117;

    (d)    award Buc-ee's all costs of the action and reasonable attorneys' fees pursuant to the provisions of 15 U.S.C. § 1117; and

    (e)    award such other relief as the Court deems appropriate;

    (e)    award such other relief as the Court deems appropriate.

Dated: July 2, 2014

By: _____
H. Tracy Richardson, III.
State Bar No. 16863700
Federal Bar No. 10921
Jeffery Frank Nadalo
State Bar No. 24041559
Federal Bar No. 36803
Elizabeth Lieb
State Bar No. 24050153
Federal Bar No. 1716036
327 FM 2004
Lake Jackson, Texas 77566
Telephone: 979-230-2950
Fax: 979-230-2951
**ATTORNEY'S FOR PLAINTIFF BUC-EE'S, LTD.**